**IN RE Petition for Transfer to Disability Inactive Status of Robert B. SPELHAUG, a Minnesota Attorney, Registration No. 0122300.**

A17-0369

Supreme Court of Minnesota.

Dated: March 28, 2017

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition under Rule 28, Rules on Lawyers Professional Responsibility (RLPR), for transfer of respondent Robert B. Spelhaug to disability-inactive status. The petition alleges that respondent has been found to be totally disabled by the Social Security Administration and has a medical diagnoses resulting in physical and mental limitations that render him unable to competently represent clients within the meaning of Rule 28(a), RLPR. Respondent is not currently practicing law.

The Director and respondent have entered into a stipulation for transfer of respondent to disability-inactive status under Rule 28(a), RLPR, without further proceedings, coupled with a stay of a pending disciplinary investigation concerning respondent. The parties have also agreed that if respondent seeks reinstatement, the stay of the disciplinary investigation will be automatically lifted, and that during the reinstatement process, the allegations of misconduct arising out of the investigation shall be considered and a recommendation as to the appropriate discipline, if any, shall be made to the court.

The court has reviewed the petition and stipulation and concludes that transfer to

disability-inactive status and a stay of the pending disciplinary investigation are appropriate.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Robert B. Spelhaug is transferred to disability-inactive status effective as of the date of this order. While on disability-inactive status, respondent may not render legal advice, discuss legal matters with clients, or otherwise engage in the practice of law.

2. The pending disciplinary investigation concerning respondent is stayed until such time as respondent petitions for reinstatement to the practice of law under Rules 18 and 28(d), RLPR. Upon the filing of a petition for reinstatement, the stay of the disciplinary investigation will automatically be lifted. In addition to the requirements of Rules 18 and 28(d), RLPR, during the reinstatement proceeding, the allegations of misconduct arising out of the investigation shall be considered and a recommendation as to the appropriate disciplinary sanction, if any, shall be made to the court.

3. In addition to the requirements of Rules 18 and 28(d), RLPR, respondent's reinstatement shall be conditioned on respondent establishing through expert psychological, psychiatric, and medical evidence that he has undergone treatment and has recovered such that he is psychologically and cognitively fit to resume the practice of law.

BY THE COURT:

/s/ ————————————————————
David R. Stras
Associate Justice